John H. Patton, Cal. SBN 069261
Kathryn J. Allen, Cal. SBN 196544
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

E-filing

Attorneys for Plaintiff
Monterey Gourmet Foods, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MONTEREY GOURMET FOODS, INC., a Delaware corporation,

    Plaintiff,

vs.

WINDSOR QUALITY FOOD COMPANY LTD., a Texas Limited Partnership; and DOES 1 through 20, inclusive,

    Defendants.

CV 08 1316 JCS

**COMPLAINT MONEY DAMAGES AND OTHER RELIEF FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; FALSE DESCRIPTION; and INJURY TO BUSINESS REPUTATION**

**DEMAND FOR JURY TRIAL**

Plaintiff, Monterey Gourmet Foods, Inc., a Delaware corporation ("MGF") alleges follows as and for its complaint against defendant Windsor Quality Food Company, Ltd., a Texas Limited Partnership ("Windsor"):

## I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description); for Unfair Business Practices arising under California Business and Professions Code § 17200 et seq.; and for Injury to Business Reputation.

COMPLAINT

1

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over defendant Windsor because defendant, among other things, operates food production facilities within the State of California, employs individuals within the State of California, and sells food products within and throughout the State of California.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred within this District, a substantial part of the intellectual property that is the subject of the action is situated within this District, a substantial part of the food products that are the subject of this action were and are being sold within this District, and because products bearing infringing marks as alleged below, have been and are being sold within this District.

## II. **INTRADISTRICT ASSIGNMENT**

5. This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

## III. **THE PARTIES**

6. At all times relevant, plaintiff MGF was and is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located in Salinas, Monterey County, California.

7. Defendant Windsor is a Texas Limited Partnership, formed and existing under the laws of the State of Texas, and operating substantial food production facilities and employing numerous persons in the City of Covina, California, and conducting substantial sales of food products throughout the State of California, including sales made from numerous retail stores situated within this District.

8. The true names and capacities, whether individual, corporate, or otherwise, of the defendants presently named herein as Does 1 through 20, inclusive, are presently unknown to plaintiff MGF, who therefore sues said defendants by such fictitious names.

1  Plaintiff alleges on information and belief that each of said defendants designated as a
2  Doe defendant participated in, assisted in, conspired in, or is in some manner
3  responsible for the events and happenings herein referred to, and/or claims some right,
4  title, or interest in the matters which are the subject of this action, and plaintiff will pray
5  leave to amend this Complaint to allege the true names and capacities of said fictitiously
6  named defendants when the same are ascertained.  Plaintiff further alleges on
7  information and belief that at all times mentioned herein, each of the defendants herein
8  was the agent, representative, and/or employee of each of the remaining defendants
9  and, in doing the things hereinafter alleged, was acting within the course and scope of
10 such agency, and are therefore responsible to plaintiff for their actions in such capacity.

## IV. FACTUAL BACKGROUND

12      9.      Plaintiff MGF owns the trade name, "Monterey Pasta Company" and
13 "Monterey Pasta" as well as numerous federal trademarks for its pasta and pasta
14 entrees, many of which include chicken. In particular, On January 30, 1996, plaintiff was
15 issued Registration No. 1953489 by the United States Patent and Trademark Office
16 ("USPTO") for its trademark "Monterey Pasta Company" in class 30 for use in
17 association with pasta and sauces.  A copy of this registration certificate is attached
18 hereto as Exhibit 1 and made a part of this Complaint.  This registration is now in full
19 force and effect, unrevoked and uncanceled, and is owned by plaintiff.  On November
20 17, 1998, plaintiff was issued Registration No. 2203576 by the USPTO for its trademark
21 "Monterey Pasta Co. California's Finest Gourmet Pasta" in class 30 for use in
22 association with pasta and sauces.  A copy of this registration certificate is attached
23 hereto as Exhibit 2 and made a part of this Complaint. This registration is now in full
24 force and effect, unrevoked and uncanceled, and is owned by plaintiff.  Additionally,
25 plaintiff is the registered owner of the domain name www.montereypasta.com, and
26 actively uses such domain name in the promotion of its product lines.  Collectively, the
27 foregoing trade names, trademarks, and the domain name are referred to herein as the
28 "subject trademarks."

10. At great expense and effort, plaintiff MGF has developed numerous pasta products which are sold under the subject trademarks. MGF has invested substantial sums of money to obtain registration of its trademarks. MGF has manufactured, distributed, promoted, and sold, and is now selling, pasta products throughout the United States under the subject trademarks, which have long been associated with MGF's pasta products.

11. Plaintiff MGF's sales of pasta products under the above-named subject trademarks have been substantial for decades, and plaintiff has invested substantial sums of money in advertising and marketing pasta products under the subject trademarks.

12. As a result of plaintiff MGF's advertising and sales of its pasta products under the subject trademarks, and the widespread consumption and use of the products by the public, such products have come to be, and now are, well and favorably known to the public under the subject trademarks, which have become distinctive for plaintiff's pasta goods sold in commerce.

13. As a result of its extensive sales and of the excellence of its food products, plaintiff MGF has built up and now enjoys valuable good will in its business as represented by the above-named subject trademarks.

14. Notwithstanding plaintiff MGF's use and registration of the subject trademarks, defendants have been selling, in interstate commerce and throughout the State of California, a pasta food product under the mark, "Chicken Monterey Pasta" ("Infringing Mark"), which is confusingly similar to the subject trademarks. At no time did plaintiff ever consent to defendant's use of the subject trademarks, or any confusingly similar mark. Defendants' use of the Infringing Mark misleads and confuses consumers.

15. The Infringing Mark is a colorable imitation of the subject trademarks. Plaintiff alleges on information and belief that defendants' infringement and passing off of pasta products as their own constitutes a willful and malicious violation of plaintiff MGF's trademark rights, aimed at preventing or hindering plaintiff from continuing to

COMPLAINT

1  build a business around a market it has long possessed. By misleading consumers,
2  defendants are also unfairly "riding the coattails" of plaintiff's success.
3     16.   On April 23, 2007, plaintiff MGF sent its original notice and request to
4  defendants to discontinue use of the Infringing Mark, because such use constituted an
5  infringement of the subject trademarks. Defendants disregarded the notice and request,
6  however, and continue to promote and sell food products in interstate commerce,
7  throughout California, and within this District, utilizing the Infringing Mark,
8  notwithstanding notice of the infringement.
9     WHEREFORE, plaintiff prays judgment as more particularly set forth below.

10  **FIRST CLAIM-TRADEMARK INFRINGEMENT UNDER LANHAM ACT**

11     17.   Plaintiff incorporates herein by reference, as though specifically pleaded
12  herein, each of the allegations of Paragraphs 1 through 16, as more particularly set forth
13  above.
14     18.   Defendants' use of the Infringing Mark on pasta products is likely to cause
15  confusion, mistake, or to deceive the public as to the identity and origin of goods,
16  causing irreparable harm to plaintiff MGF for which there is no adequate remedy at law.
17  Defendants' use of the Infringing Mark is damaging and will continue to damage MGF
18  substantially and irrevocably, unless and until restrained by this Court.
19     19.   By reason of the foregoing acts, defendants are liable to plaintiff MGF for
20  damages, and other relief, for trademark infringement under 15 U.S.C. §1114.
21     WHEREFORE, plaintiff prays judgment as more particularly set forth below.

22  **SECOND CLAIM-UNFAIR COMPETITION UNDER LANHAM ACT**

23     20.   Plaintiff incorporates herein by reference, as though specifically pleaded
24  herein, each of the allegations of Paragraphs 1 through 19, as more particularly set forth
25  above.
26     21.   Defendants' use of the Infringing Mark to promote, market, or sell pasta
27  products in direct competition with plaintiff MGF's subject trademarks constitutes unfair
28  competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the Infringing Mark and

misleading advertising and packaging is likely to cause confusion, mistake, and deception among consumers. Moreover, the use of the Infringing Mark and misleading advertising and packaging by defendants is likely to induce persons to buy, use and recommend defendants' products when instead they intend to buy, use, and recommend plaintiff MGF's products. Defendants also intentionally and wrongfully misrepresent the origins of their goods. Such deception and mistake has and will cause great damage to plaintiff MGF and has and will erode the good will that plaintiff has developed. Defendants are unfairly trading on and appropriating the reputation and good will of plaintiff MGF and are thereby deceiving the public.

22. Plaintiff alleges on information and belief that defendants' adoption and use of the Infringing Mark was and is deliberate and done with the intent of investing defendants' products with salability, caused by confusion of the public, which defendants would not otherwise enjoy.

23. Defendants' unfair competition has caused and will continue to cause damage to plaintiff MGF, and is causing irreparable harm to MGF for which there is no adequate remedy at law.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

### THIRD CLAIM-UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *et seq.*

24. Plaintiff incorporates herein by reference, as though specifically pleaded herein, each of the allegations of Paragraphs 1 through 23, as more particularly set forth above.

25. Defendants' actions alleged herein constitute unfair competition within the meaning of California Business and Professions Code § 17200, *et seq.*.

26. Pursuant to California Business and Professions Code § 17203, plaintiff MGF is entitled to preliminary and permanent injunctive relief ordering defendants to cease this unfair competition, as well as disgorgement of all of defendants' profits associated with this unfair competition.

1     WHEREFORE, plaintiff prays judgment as more particularly set forth below.

2     **FOURTH CLAIM-FALSE DESCRIPTION – "PALMING OFF"**

3     27.    Plaintiff incorporates herein by reference, as though specifically pleaded
4 herein, each of the allegations of Paragraphs 1 through 26, as more particularly set forth
5 above.

6     28.    Defendants' use of the Infringing Mark and misleading advertising and
7 packaging are such a colorable imitation and copy of plaintiff MGF's subject trademarks
8 established in the market that defendants' use thereof is likely to create confusion, or
9 cause mistake, or to deceive consumers as to the affiliation, connection or association of
10 plaintiff's products, or to deceive consumers as to the origin, sponsorship or approval of
11 plaintiff's products. Plaintiff alleges on information and belief that defendants' actions
12 were and are malicious, willful, and deliberate and done with the intent of investing
13 defendants' products with salability, caused by confusion of the public, which defendants
14 would not otherwise enjoy.

15     29.    Defendants' use of the Infringing Mark and misleading advertising and
16 packaging constitute a false description or representation of business or products under
17 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

18     WHEREFORE, plaintiff prays judgment as more particularly set forth below.

19     **FIFTH CLAIM-COMMON LAW INJURY TO BUSINESS REPUTATION**

20     30.    Plaintiff incorporates herein by reference, as though specifically pleaded
21 herein, each of the allegations of Paragraphs 1 through 29, as more particularly set forth
22 above.

23     31.    Defendants' use of the Infringing Mark and false advertising injures and
24 creates a likelihood of injury to plaintiff MGF's business reputation because persons
25 encountering MGF and its pasta products are likely to and will believe that MGF is
26 affiliated with or related to defendants, and any adverse reaction by the public to
27 defendants and the quality of defendants' products and services or the nature of
28 defendants' business will injure the business reputation of plaintiff MGF and the goodwill

that plaintiff enjoys.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that:

1. Defendants, and their officers, agents, employees, successors, assigns, attorneys and all other persons acting by and under defendants, be preliminarily and permanently enjoined from: (a) using the Infringing Mark or any other counterfeit, copy, or colorable imitation thereof, on or in connection with the manufacture, distribution, advertising, and sale of food products; (b) any manufacture, distribution, advertising, packaging and sale of food products that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of plaintiff MGF's products or their connection to defendants.

2. Pursuant to 15 USC § 1117, defendants be held liable for damages suffered by plaintiff MGF resulting from the acts alleged herein, and that plaintiff be awarded treble damages according to proof arising from the above-described acts.

3. Defendants be required, pursuant to 15 USC § 1117, to account for and to pay over to plaintiff MGF all of defendants' profits resulting from sales of food products under the Infringing Mark, or any other counterfeit, copy, or colorable imitation of such mark.

4. Defendants be required, pursuant to 15 U.S.C § 118, to deliver to plaintiff MGF for destruction all labels, prints, packages, wrappers, receptacles, and advertising matter (including website pages or links) in defendants' possession, custody or under control of defendants bearing the Infringing Mark or any other counterfeit, copy, or colorable imitation of such mark;

5. Defendants be required to file with the Court and serve on plaintiff MGF within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the Injunction.

6. The Court declare this to be an exceptional case and award plaintiff MGF

COMPLAINT

8

1  its reasonable attorney fees pursuant to 15 U.S.C §117.

2      7.    Plaintiff MGF be award its costs pursuant to 15 U.S.C §117.

3      8.    Plaintiff MGF have such other and other further relief as this Court may

4  deem just and proper, including remedies provided for in 15 U.S.C § 116 and 117 or

5  under state law; and

6      9.    For such other and further relief as the Court may deem just and proper.

7  Dated: March 5, 2008

        SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: _____
    John H. Patton, Cal. SBN 069261
Attorneys for Plaintiff Monterey Gourmet Foods, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Monterey Gourmet Foods, Inc. hereby requests a jury trial in the above-entitled action.

Dated: March 5, 2008

        SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: _____
    John H. Patton, Cal. SBN 069261
Attorneys for Plaintiff Monterey Gourmet Foods, Inc.

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**   Reg. No. 1,953,489
Registered Jan. 30, 1996

## TRADEMARK
PRINCIPAL REGISTER

### MONTEREY PASTA COMPANY

MONTEREY PASTA COMPANY (CALIFORNIA CORPORATION)
4125 BLACKHAWK PLAZA CIRCLE, SUITE 200
DANVILLE, CA 94506

FOR: PASTA AND SAUCES, IN CLASS 30 (U.S. CL. 46).
FIRST USE 6-0-1987; IN COMMERCE 6-0-1987.

OWNER OF U.S. REG. NO. 1,664,278.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PASTA COMPANY", APART FROM THE MARK AS SHOWN.

SER. NO. 74-802,510, FILED 6-17-1994.

ZHALEH DELANEY, EXAMINING ATTORNEY

Thank you for your request. Here are the latest results from the **TARR web server.**

This page was generated by the TARR system on 2008-03-06 14:31:38 ET

**Serial Number:** 74802510 Assignment Information    Trademark Document Retrieval

**Registration Number:** 1953489

**Mark (words only):** MONTEREY PASTA COMPANY

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2006-07-08

**Filing Date:** 1994-06-17

**Transformed into a National Application:** No

**Registration Date:** 1996-01-30

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 101

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2006-09-27

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. MONTEREY GOURMET FOODS, INC.

**Address:**
MONTEREY GOURMET FOODS, INC.
1528 MOFFETT STREET
SALINAS, CA 93905
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

### GOODS AND/OR SERVICES

**International Class:** 030
**Class Status:** Active

pasta and sauces
**Basis:** 1(a)
**First Use Date:** 1987-06-00
**First Use in Commerce Date:** 1987-06-00

---

## ADDITIONAL INFORMATION

**Disclaimer:** "PASTA COMPANY"

**Prior Registration Number(s):**
1664278

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2006-09-27 - Case File In TICRS

2006-07-08 - First renewal 10 year

2006-07-08 - Section 8 (10-year) accepted/ Section 9 granted

2006-07-08 - Assigned To Paralegal

2006-01-06 - Combined Section 8 (10-year)/Section 9 filed

2006-01-06 - TEAS Section 8 & 9 Received

2003-10-08 - TEAS Change Of Correspondence Received

2002-01-10 - Section 8 (6-year) accepted & Section 15 acknowledged

2001-11-13 - Response received to Post Registration action - Sections 8 & 15

2001-11-13 - Section 8 (6-year) and Section 15 Filed

2001-05-11 - Post Registration action mailed Section 8 & 15

2001-02-02 - Section 8 (6-year) and Section 15 Filed

1996-01-30 - Registered - Principal Register

1995-11-07 - Published for opposition

1995-10-06 - Notice of publication

1995-08-14 - Approved for Pub - Principal Register (Initial exam)

1995-08-14 - Amendment to Use approved

1995-08-14 - Assigned To Examiner

1995-08-14 - Assigned To Examiner

1995-07-25 - Assigned To Examiner

1995-04-28 - Communication received from applicant

1995-07-12 - Amendment to use processing complete

1995-04-28 - Amendment to Use filed

1995-06-30 - Divisional processing completed

1994-11-22 - Non-final action mailed

1994-11-02 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
KAREN K ROBERTS ESQ

**Correspondent**
Debra E. Keller, Esq.
Shapiro Buchman Provine & Patton LLP
1333 N. California Blvd. Suite 350
Walnut Creek CA 94596
Phone Number: 925-944-9700
Fax Number: 925-944-9701

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 2,203,576

**United States Patent and Trademark Office**    Registered Nov. 17, 1998

## TRADEMARK
### PRINCIPAL REGISTER



MONTEREY PASTA COMPANY (DELAWARE CORPORATION)
1528 MOFFETT STREET
SALINAS, CA 93905

FOR: PASTA AND SAUCES, IN CLASS 30 (U.S. CL. 46).
FIRST USE 6-0-1996; IN COMMERCE 7-0-1996.
OWNER OF U.S. REG. NOS. 1,664,278, 1,951,624, AND 1,953,489.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CALIFORNIA'S FINEST GOURMET PASTA" AND "PASTA CO.", APART FROM THE MARK AS SHOWN.
THE STIPPLING IS A FEATURE OF THE MARK AND IS NOT INTENDED TO INDICATE COLOR. THE LINING IS A FEATURE OF THE MARK AND IS NOT INTENDED TO INDICATE COLOR.
SEC. 2(F) AS TO "MONTEREY".

SER. NO. 75-252,882, FILED 3-6-1997.

ANGELA BISHOP WILSON, EXAMINING ATTORNEY

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MONTEREY GOURMET FOODS, INC., a Delaware corporation

## DEFENDANTS
WINDSOR QUALITY FOOD COMPANY, LTD., a Texas Limited Partnership; and DOES 1 through 20

(b) County of Residence of First Listed Plaintiff: **MONTEREY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **HARRIS**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

John H. Patton, Cal. SBN 069261
Shapiro Buchman Provine & Patton LLP
1333 N. California Blvd., Suite 350
Walnut Creek, CA 94596

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C.A. 1114(1) and 1125(a)
Brief description of cause:
Complaint for trademark infringement, unfair competition and false description

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE: March 6, 2008
SIGNATURE OF ATTORNEY OF RECORD