McAFEE & TAFT, A Professional Corporation
   Clifford C. Dougherty, III (OBA #10263) (*admitted pro hac vice*)
   Robert W. Dace (OBA # 10263) (*admitted pro hac vice*)
   Jennifer B. Rader (OBA # 19198) (*admitted pro hac vice*)
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
Email: bob.dace@mcafeetaft.com; jenna.rader@mcafeetaft.com

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
   Lori A. Lutzker, Esq. (Bar No. 124589)
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685
Email: llutzker@carr-mcclellan.com

Attorneys for Defendant
WINDSOR QUALITY FOOD COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEREY GOURMET FOODS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WINDSOR QUALITY FOOD COMPANY LTD., a Texas Limited Partnership; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01316 (JCS)<br><br>Case assigned for all purposes to Hon. Joseph C. Spero<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIM**<br><br>Action Filed:   3/5/08<br>Trial Date:      None set. |

Defendant, Windsor Quality Food Company Ltd. ("Windsor"), by its undersigned attorneys, answers the Complaint filed by Plaintiff, Monterey Gourmet Foods, Inc. ("MGF") as follows:

**ANSWER TO SPECIFIC ALLEGATIONS**

1. Responding to Paragraph 1 of MGF's Complaint, Windsor admits that the Complaint is denominated as set forth in Paragraph 1 but denies each and every other averment set forth therein.

2. Responding to Paragraph 2 of MGF's Complaint, Windsor admits the averments set forth therein.

3. Responding to Paragraph 3 of MGF's Complaint, Windsor admits the averments set forth therein.

4. Responding to Paragraph 4 of MGF's Complaint, Windsor admits that venue is proper in this District. As to the listed reasons, however, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of these averments and therefore denies these and all remaining averments.

5. Responding to Paragraph 5 of MGF's Complaint, Windsor admits the averments set forth therein.

6. Responding to Paragraph 6 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 6 and therefore denies each and every averment set forth therein.

7. Responding to Paragraph 7 of MGF's Complaint, Windsor denies that it operates food production facilities that employs numerous persons in the City of Covina, California but admits the remaining averments set forth therein.

8. Responding to Paragraph 8 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 8 regarding Doe defendants, and therefore denies such averments. Windsor denies all remaining averments set forth in Paragraph 8.

9. Responding to Paragraph 9 of MGF's Complaint, Windsor admits that United States Registration No. 1,953,489 was issued by the USPTO on January 30, 1996 in class 30 for use in association with "pasta and sauces" and that United States Registration No. 2,203,576 was issued by the USPTO on November 17, 1998 in class 30 for use in association with "pasta and

sauces" and that copies of these registration certificates are attached to MGF's Complaint. Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments set forth in Paragraph 9 and therefore denies all remaining averments.

10. Responding to Paragraph 10 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 10 and therefore denies each and every averment set forth therein.

11. Responding to Paragraph 11 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 11 and therefore denies each and every averment set forth therein.

12. Responding to Paragraph 12 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 12 and therefore denies each and every averment set forth therein.

13. Responding to Paragraph 13 of MGF's Complaint, Windsor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments set forth in Paragraph 13 and therefore denies each and every averment set forth therein.

14. Responding to Paragraph 14 of MGF's Complaint, Windsor admits that it has been selling a pasta food product that includes the ingredients chicken, monterey cheese sauce and pasta using the merely descriptive terms "chicken monterey pasta" as a product descriptor as seen in Windsor's product packaging depicted in Exhibit 1 without obtaining the express consent of MGF. As to the remaining averments set forth in Paragraph 14, Windsor denies each and every averment set forth therein.

15. Responding to Paragraph 15 of MGF's Complaint, Windsor denies each and every averment set forth therein.

16. Responding to Paragraph 16 of MGF's Complaint, Windsor admits that MGF sent an original notice to MGF in a letter dated April 23, 2007 and that Windsor sells food products throughout California and within this District but denies each and every other averment set forth therein.

**FIRST CLAIM - TRADEMARK INFRINGEMENT UNDER LANHAM ACT**

17. Responding to Paragraph 17 of the Complaint, Windsor repeats and realleges its answers to paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. Responding to Paragraph 18 of the Complaint, Windsor denies each and every averment set forth therein.

19. Responding to Paragraph 19 of the Complaint, Windsor denies each and every averment set forth therein.

**SECOND CLAIM - UNFAIR COMPETITION UNDER LANHAM ACT**

20. Responding to Paragraph 20 of the Complaint, Windsor repeats and realleges its answers to paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Responding to Paragraph 21 of the Complaint, Windsor denies each and every averment set forth therein.

22. Responding to Paragraph 22 of the Complaint, Windsor denies each and every averment set forth therein.

23. Responding to Paragraph 23 of the Complaint, Windsor denies each and every averment set forth therein.

**THIRD CLAIM - UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

24. Responding to Paragraph 24 of the Complaint, Windsor repeats and realleges its answers to paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Responding to Paragraph 25 of the Complaint, Windsor denies each and every averment set forth therein.

26. Responding to Paragraph 26 of the Complaint, Windsor denies each and every averment set forth therein.

**FOURTH CLAIM – "PALMING OFF"**

27. Responding to Paragraph 27 of the Complaint, Windsor repeats and realleges its answers to paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Responding to Paragraph 28 of the Complaint, Windsor denies each and every

1 averment set forth therein.

2     29. Responding to Paragraph 29 of the Complaint, Windsor denies each and every
3 averment set forth therein.

### FIFTH CLAIM – COMMON LAW INJURY TO BUSINESS REPUTATION

5     30. Responding to Paragraph 30 of the Complaint, Windsor repeats and realleges its
6 answers to paragraphs 1 through 29, inclusive, as if fully set forth herein.

7     31. Responding to Paragraph 31 of the Complaint, Windsor denies each and every
8 averment set forth therein.

### PRAYER FOR RELIEF

10     The remainder of the Complaint consists of MGF's prayer for relief for which no
11 response is required. To the extent any response is required, Windsor denies that MGF is
12 entitled to any of the relief requested in Paragraphs 1-9 of the Prayer for Relief in the Complaint.

### AFFIRMATIVE DEFENSES

14     Windsor further submits the following AFFIRMATIVE DEFENSES to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

16     32. The Complaint, and each cause of action thereof, fails to state a cause of action
17 upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19     33. Windsor's use of the terms "chicken monterey pasta" is merely descriptive of and
20 used fairly and in good faith only to describe its goods and services and is therefore a fair use
21 within the meaning of Lanham Act § 1115(b)(4).

### THIRD AFFIRMATIVE DEFENSE

23     34. MGF cannot demonstrate that Windsor's goods are likely to cause confusion or to
24 cause mistake or to deceive as to the affiliation, connection or association of Windsor with MGF
25 or as to the origin, sponsorship or approval of Windsor's goods by MGF.

### FOURTH AFFIRMATIVE DEFENSE

27     35. The alleged marks "Monterey Pasta Company" and "Monterey Pasta Co.
28 California's Finest Gourmet Pasta" are geographically descriptive and merely descriptive of

MGF's goods and have not acquired secondary meaning and are therefore not protectable or enforceable as trademarks under federal, state or common law.

### FIFTH AFFIRMATIVE DEFENSE

36. In the alternative, the alleged marks "Monterey Pasta Company" and "Monterey Pasta Co. California's Finest Gourmet Pasta" are geographically misdescriptive of MGF's goods and therefore not protectable or enforceable as trademarks under federal, state or common law.

### SIXTH AFFIRMATIVE DEFENSE

37. Even if protectable, the terms in the alleged marks "Monterey Pasta Company" and "Monterey Pasta Co. California's Finest Gourmet Pasta" are so diluted due to third party use that MGF is entitled to only the most narrow scope of protection.

### SEVENTH AFFIRMATIVE DEFENSE

38. MGF has, through the uncontrolled licensing and failure to protect the value of the alleged marks "Monterey Pasta Company" and "Monterey Pasta Co. California's Finest Gourmet Pasta," abandoned any and all rights in these alleged marks.

### EIGHTH AFFIRMATIVE DEFENSE

39. MGF's claims are barred in whole or in part by virtue of fraud on the United States Patent and Trademark Office ("USPTO") in prosecution of the application to register MGF's alleged mark in United States Registration No. 1,953,489 as described with particularity in Paragraphs 1-18 of the Counterclaim below, such paragraphs incorporated as if fully set forth herein.

### COUNTERCLAIM

Windsor further submits the following COUNTERCLAIM against MGF.

### PARTIES AND JURISDICTION

1. Counterclaim Plaintiff, Windsor Quality Food Company, Ltd. (Windsor"), is a Texas Limited Partnership with a principal place of business at 3355 West Alabama, Suite 730, Houston, Texas.

2. Upon information and belief, Counterclaim Defendant, Monterey Gourmet Foods, Inc. ("MGF"), is a Delaware corporation with a principal place of business at 1528 Moffett

1   Street, Salinas, California.

2   3.   The following counterclaim seeks relief pursuant to the Lanham Act, Title 15 of
3   the United States Code, §§ 1051 et seq.  This court has subject matter jurisdiction under 15
4   U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, 2201 and 2202.

5   4.   In filing the Complaint, MGF has waived any objection to personal jurisdiction as
6   to the Counterclaim.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

7   5.   This is a trademark case subject to district-wide assignment under Local Rule 3-
8   2(c).  For the convenience of the parties, witnesses and attorneys, counterclaimant hereby
9   requests that this case remain assigned to the San Francisco division.

**COUNTERCLAIM – FRAUD ON THE UNITED STATES PATENT & TRADEMARK OFFICE**

12  6.   Windsor repeats and realleges each of its claims in Paragraphs 1 through 5,
13  inclusive, as if fully set forth herein.

14  7.   In the Complaint, MGF claims that it is the owner of the alleged trademark
15  evidenced by United States Registration No. 1,953,489 for "Monterey Pasta Company" in
16  International Class 030 for "pasta and sauces."

17  8.   The terms "Monterey Pasta Company" are both geographically descriptive (or in
18  the alternative geographically misdescriptive) and merely descriptive of MGF's goods.  As
19  evidenced by Paragraph 7 of its Complaint, MGF is located in Monterey County, California.  As
20  evidenced by United States Registration No. 1,953,489, the goods are listed as "pasta and
21  sauces" and the terms "Pasta Company" are disclaimed subject matter in the registration.

22  9.   Upon information and belief, as evidenced by the file history of the application to
23  register the terms "Monterey Pasta Company," the USPTO was not made aware by Applicant of
24  the geographically descriptive (or in the alternative geographically misdescriptive) nature of the
25  term "Monterey" during the prosecution of the application.

26  10.  Upon information and belief, nothing in the file wrapper indicates that the
27  Examiner was informed, at any time, of the truly geographically descriptive (or in the alternative
28  geographically misdescriptive) manner in which the terms "Monterey Pasta Company" were

7

used or to be used by MGF.

11. The withholding of the geographically descriptive (or in the alternative geographically misdescriptive) and merely descriptive nature of the terms "Monterey Pasta Company" from the USPTO constitutes fraud on the USPTO because the USPTO would not have granted a trademark registration for the terms "Monterey Pasta Company" without proof of secondary meaning. Upon information and belief, MGF would not have been able to establish that the terms "Monterey Pasta Company" had acquired distinctiveness by June 17, 1994, the date of the application to register the terms "Monterey Pasta Company."

12. United States Registration No. 1,953,489 should be cancelled by virtue of the fraud perpetrated on the USPTO during the prosecution of the application.

13. MGF knew or should have known of the fraud perpetrated on the USPTO.

14. Windsor has suffered, and continues to suffer, irreparable harm as a result of the fraud perpetrated on the USPTO in the prosecution of the application and registration of United States Registration No. 1,953,489.

15. MGF's filing of the Complaint against Windsor has caused and continues to cause irreparable injury to Windsor.

16. MGF's bringing of the Complaint is frivolous.

17. Windsor has suffered, and continues to suffer, irreparable harm as a result of MGF's filing of its frivolous Complaint.

18. MGF has no adequate remedy at law.

WHEREFORE, Windsor demands:

1. That United States Registration No. 1,953,489 for the alleged mark "Monterey Pasta Company" be cancelled due to fraud on the USPTO.

2. That MGF's action against Windsor be dismissed with prejudice in Windsor's favor.

3. That Windsor be awarded its attorneys' fees and costs in defending against MFG's frivolous action and in prosecuting the within Counterclaim;

4. That Windsor be awarded such other relief as the court deems appropriate.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Windsor hereby gives notice that it intends to reply on such other and further defenses as may be disclosed during discovery in this action, and therefore Windsor reserves the right to amend its Answer to assert any such defenses.

Dated: April 14, 2008                McAfee & Taft, A Professional Corporation

By: _____/S/_____
 Robert W. Dace
 Jennifer B. Rader
 Attorneys for Defendant
 WINDSOR QUALITY FOOD COMPANY, LTD.

