1  John H. Patton, Cal. SBN 069261
   Kathryn J. Allen, Cal. SBN 196544
2  Matthew T. Homan, Cal. SBN 250458
   SHAPIRO BUCHMAN PROVINE & PATTON LLP
3  1333 North California Boulevard, Suite 350
   Walnut Creek, CA 94596
4  Telephone:  (925) 944-9700
   Facsimile:  (925) 944-9701
5  E-mail:  jpatton@sbllp.com

6  Attorneys for Plaintiff and Counterdefendant
   Monterey Gourmet Foods, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MONTEREY GOURMET FOODS,            No. C08-01316 (JCS)
    INC., a Delaware corporation,
12                                     Case assigned for all purposes to
              Plaintiff,               Hon. Joseph C. Spero
13
    vs.                                **APPENDIX OF SELECTED**
14                                     **AUTHORITIES IN SUPPORT OF**
    WINDSOR QUALITY FOOD               **COUNTERDEFENDANT MONTEREY**
15  COMPANY LTD., a Texas Limited      **GOURMET FOODS, INC.'S MOTIONS TO**
    Partnership; and DOES 1 through 20,**DISMISS AND TO STRIKE**
16  inclusive,                         **COUNTERCLAIM OF WINDSOR**
                                       **QUALITY FOOD COMPANY, LTD.**
17            Defendants.
                                       Date:  June 6, 2008
18                                     Time:  9:30 a.m.
                                       Courtroom A (Hon. Joseph C. Spero)
19                                     Trial Date:  Not Set

20                                     Accompanying Papers:  Declaration of
                                       Scott S. Wheeler; Memoranda of Points &
21                                     Authorities; Request for Judicial Notice;
                                       Notices of Motion and Proposed Orders
22
    AND RELATED COUNTERCLAIM.
23

24

25              <u>APPENDIX OF SELECTED AUTHORITIES</u>

26        For the convenience of the parties and the Court, plaintiff and counterdefendant

27  Monterey Gourmet Foods, Inc. ("MGF") submits the following appendix of selected

28  authorities cited in its accompanying Memoranda of Points and Authorities in support of

1   its special motion to strike, and companion motion to dismiss, the counterclaim of

2   defendant and counterclaimant Windsor Quality Food Company Ltd. ("Windsor").  The

3   attached authorities may not readily be available to the Court or Windsor, and MGF

4   provides copies of same herewith.

5        Dated:  May 1, 2008

6                              Respectfully Submitted,

7                              SHAPIRO BUCHMAN PROVINE & PATTON, LLP

8

9                              By: _____

10                                  John H. Patton, Cal. SBN 069261
                                    Attorneys for Plaintiff and Counterdefendant
11                                  Monterey Gourmet Foods, Inc.

12

13

14

15   208595.1

16

17

18

19

20

21

22

23

24

25

26

27

28

# TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP)

**Second Edition**
June 2003

Revision 1
March 2004

United States Patent and Trademark Office

Chapter 300
PLEADINGS

the flag of the United States[51] or the name of a living individual without the individual's consent.[52]

The filing date of the petition is the date of receipt in the Office of the petition with the required fee.[53]

*For additional information on selected grounds for opposition and cancellation, see TBMP §* 309.03(c).

### 307.02  Petition That Must Be Filed Within Five Years from the Date of Registration

#### 307.02(a)  In General

A petition to cancel a registration issued on the Principal Register under the Act of 1946, on a ground not specified in Section 14(3) or 14(5) of the Act, 15 U.S.C. § 1064(3) or 1064(5), must be filed within five years from the date of the registration of the mark.[54] Similarly, a petition to cancel a registration issued on the Principal Register under the Act of 1881 or the Act of 1905, and published under the provisions of Section 12(c) of the Act of 1946, on a ground not specified in Section 14(3) or 14(5) of the Act, must be filed within five years from the date of publication under Section 12(c), 15 U.S.C. 1062(c).[55]

Although a petition to cancel filed after the expiration of the five-year period, in the case of such a Principal Register registration, must recite one of the grounds specified in Section 14(3) or 14(5) of the Act, a petition to cancel filed prior to the expiration of the five-year period may be based on any ground which could have prevented registration initially.[56]  The grounds for cancellation which are thus available in these cases for a

---

[51]  *See* Section 2(b) of the Trademark Act, 15 U.S.C. § 1052(b).

[52]  *See* Section 2(c) of the Trademark Act, 15 U.S.C. § 1052(c).

[53]  37 CFR § 2.111(c)(4).  *For information on filing fees, see* TBMP § 308.

[54]  *See Arman's Systems, Inc. v. Armand's Subway, Inc.,* 215 USPQ 1048, 1050 (TTAB 1982) (the filing date of the petition is the operative date, not the date that the notice of the proceeding is mailed to the parties).  *Cf. British-American Tobacco Co. Limited v. Philip Morris Inc.,* 55 USPQ2d 1585 (TTAB 2000) (Section 14 does not limit Board's authority to entertain an action under Article 8 of the Pan American Convention against a registration over five years old).

[55]  *See* Sections 14(1) and 14(2) of the Act, 15 U.S.C. §§ 1064(1) and 1064(2), and 37 CFR § 2.111(b).

[56]  *See Person's Co. v. Christman,* 900 F.2d 1565, 14 USPQ2d 1477, 1479 (Fed. Cir. 1990); *International Mobile Machines Corp. v. International Telephone and Telegraph Corp.,* 800 F.2d 1118, 231 USPQ 142, 142 (Fed. Cir. 1986); *International Order of Job's Daughters v. Lindeburg and Company,* 727 F.2d 1087, 220 USPQ 1017, 1020

Chapter 300
PLEADINGS

petition filed within the five-year period, but not thereafter, include all of the grounds specified in Sections 14(3) and (5) as well as likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d);[57] all of the grounds specified in Section 2(e) of the Act, 15 U.S.C. § 1052(e), including a claim that respondent's mark is merely descriptive or deceptively misdescriptive, that respondent's mark is geographically descriptive or deceptively misdescriptive, or that respondent's mark is primarily merely a surname; that respondent is not the owner of the registered mark; and that there was no bona fide use of respondent's mark in commerce to support the original registration. *For additional information on selected grounds for opposition and cancellation, see* TBMP § 309.03.

A petitioner may not seek to cancel a Principal Register registration over five years old on the *ground* of likelihood of confusion. However, under Section 18 of the Trademark Act, 15 U.S.C. § 1068, a petitioner may seek to partially cancel a registration over five years old by restricting the goods or services therein in order to avoid a likelihood of confusion. *For a discussion of a petition to partially cancel a registration under Section 18 of the Trademark Act, see* TBMP § 309.03(d).

The five-year period specified in Section 14(1), 15 U.S.C. § 1064(1), (*i.e.*, "Within five years from the date of the registration of the mark under this Act") includes the fifth anniversary date of the registration.[58] Similarly, the five-year period specified in Section 14(2), 15 U.S.C. § 1064(2), ("Within five years from the date of publication under Section 12(c) hereof of a mark registered under the Act of March 3, 1881, or the Act of February 20, 1905"), includes the fifth anniversary date of the publication under Section 12(c).[59]

The filing date of the petition is the date of receipt in the Office of the petition with the required fee.[60] The Certificate of Mailing procedure described in 37 CFR § 2.197 and the

---

(Fed. Cir. 1984); and *Kellogg Co. v. Pack'Em Enterprises Inc.*, 14 USPQ2d 1545, 1549 (TTAB 1990), *aff'd*, 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991).

[57] *Cf. Liberty Trouser Co. v. Liberty & Co.*, 222 USPQ 357, 358 (TTAB 1983) (claim of likelihood of confusion accepted as proper allegation of petitioner's standing with respect to pleaded grounds of fraud and abandonment). *For a discussion of standing to file a petition to cancel or a notice of opposition, see* TBMP § 309.03(b).

[58] *See Strang Corp. v. Stouffer Corp.*, 16 USPQ2d 1309 (TTAB 199) (fifth-year anniversary falling on a weekend or holiday). *Cf.* TMEP §§ 1605.05 and 1606.03.

[59] *Cf. Strang Corp. v. Stouffer Corp., supra*, and TMEP §§ 1605.05 and 1606.03.

[60] 37 CFR § 2.111(c)(4). *For information on filing fees, see* TBMP § 308.

Chapter 300
PLEADINGS

"Express Mail" procedure described in 37 CFR § 2.198 are available for the filing of a petition to cancel.[61]

### 307.02(b)  Sec. 14 Limitation Is Independent of Section 15 Affidavit

The five-year time limit specified in Section 14, 15 U.S.C. § 1064, barring certain attacks on a Principal Register *registration*, "is not dependent on the filing of a declaration under Section 15 which provides incontestable rights of *use* to a limited extent  (15 U.S.C. § 1065)."[62]

### 307.02(c)  Factors Affecting the Five-Year Period

#### 307.02(c)(1)  Reliance on Registration By Plaintiff

If an opposer relies on a Principal Register registration of its pleaded mark, and the five-year period has not yet expired when the opposition is filed, the limitation does not apply to any counterclaim filed in response to the petition for cancellation of that registration.  This is so even if the five-year period has expired by the time the counterclaim is filed.  In such cases, the filing of the opposition tolls, during the pendency of the proceeding, the running of the five-year period for purposes of determining the grounds on which a counterclaim may be based.[63]

Similarly, the limitation would not apply to a counterclaim to cancel such a Principal Register registration relied on by the petitioner in a cancellation

---

[61]  *See* 37 CFR §§ 2.197(a) and 2.198(a).

[62]  *Imperial Tobacco Ltd. v. Philip Morris Inc.*, 899 F.2d 1575, 14 USPQ2d 1390, 1392 n.5 (Fed. Cir. 1990) (emphasis in original).  *See also Western Worldwide Enterprises Group Inc. v. Qinqdao Brewery*, 17 USPQ2d 1137, 1139 (TTAB 1990), and *Strang Corp. v. Stouffer Corp., supra* at 1311 (concept of incontestability of a registration is irrelevant to a cancellation proceeding under Section 14).

[63]  *See e.g., Williamson-Dickie Manufacturing Co. v. Mann Overall Company*, 359 F.2d 450, 149 USPQ 518, 522 (CCPA 1966); *UMC Industries, Inc. v. UMC Electronics Co.*, 207 USPQ 861, 862 n.3 (TTAB 1980); *Humble Oil & Refining Co. v. Sekisui Chemical Company Ltd. of Japan*, 165 USPQ 597, 598 n.4 (TTAB 1970) (grounds were not limited where, although petition to cancel was not properly filed until after fifth anniversary date of registration, opposition wherein opposer relied on said registration was filed before anniversary date); and *Sunbeam Corp. v. Duro Metal Products Co.*, 106 USPQ 385, 386 (Comm'r 1955).  *See also* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 20:67 (4th ed. 2001).
  *Cf., regarding concurrent use proceedings, Arman's Systems, Inc. v. Armand's Subway, Inc.*, 215 USPQ 1048, 1050 (TTAB 1982) (5-year period tolled where applicant, prior to expiration of 5-year period files a proper concurrent application or an amendment converting an unrestricted application to one seeking concurrent use naming registrant as exception to applicant's right to exclusive use).

Chapter 300
PLEADINGS

proceeding, if the five-year period had not yet expired with respect to the registration at the time of the filing of the petition to cancel.

### 307.02(c)(2)  Amendment of Registration

When a Principal Register registration has been amended, the registration is subject to attack under Section 14 of the Act, 15 U.S.C. § 1064, to the extent that the amendment of the registration has in any way enlarged registrant's rights, as though the registration had issued on the date of the amendment.  That is, even though the Section 14 five-year period following issuance of the registration, or publication under Section 12(c), 15 U.S.C. § 1062(c), may have expired, if a petition to cancel the registration is filed within the five years following the amendment of the registration, the petition is not limited to Section 14(3) or 14(5) (15 U.S.C. § 1064(3) or 1064(5)) grounds, to the extent that the amendment has in any way enlarged the registrant's rights.  Rather, during the five years after the amendment, "the modified registration, not having been in existence for five years, may be challenged in a cancellation proceeding as long as petitioner states grounds [not limited to Section 14(3) or 14(5) grounds] for the cancellation indicating how he believes he is or will be damaged by the modified registration."[64]

## 307.03  Premature Petition to Cancel

Sections 14 and 24 of the Act, 15 U.S.C. §§ 1064 and 1092, provide for the filing of a petition to cancel "a registration of a mark."  Until a registration actually issues, there is no registration.

Thus, if a petition to cancel a registration is filed prior to the issuance of the registration, it is premature, and will be rejected by the Board, even if the registration has issued by the time of the Board's action.  The petition to cancel will not be instituted, and any submitted petition fee will be refunded.  Petitioner's remedy lies in the filing of a new petition to cancel after the registration has issued.

---

[64]  *Stanspec Co. v. American Chain & Cable Company, Inc.*, 531 F.2d 563, 189 USPQ 420, 423 (CCPA 1976).  *See Continental Gummi-Werke AG v. Continental Seal Corp.*, 222 USPQ 822, 824-25 (TTAB 1984) (counterclaim would be proper where defendant pleads that the amendment to the mark in the subject registration resulted in a mark materially different from originally registered mark, representing enlargement of rights conferred by original certificate of registration; that defendant used its mark prior to opposer's first use of amended mark; and that confusion with amended mark is likely).

Chapter 300
PLEADINGS

### 309.03(c)  Grounds

In addition to standing, a plaintiff must also plead (and later prove) a statutory ground or grounds for opposition or cancellation.[128]  A plaintiff may raise any available statutory ground for opposition or cancellation that negates the defendant's right to registration.[129] Grounds for petitions to cancel a Principal Register registration that is more than 5 years old are more limited and are specified in Sections 14(3) and (5) of the Act, 15 U.S.C. §§ 1064(3) and 1064(5).[130]

A plaintiff cannot rely upon an unpleaded claim unless the plaintiff's pleading is amended (or deemed amended), pursuant to Fed. R. Civ. P. 15(a) or (b), to assert the matter.[131]

Examples of available grounds for opposition and for cancellation are listed below. [NOTE:  The grounds identified in examples 3 and 4, and 12 through 14 are available for cancellation of a Principal Register registration over five years old.]  This list is exemplary, not exhaustive.

---

[128]  *See Young v. AGB Corp.,* 152 F.3d 1377, 47 USPQ2d 1752, 1755 (Fed. Cir. 1998).  *See* TBMP § 303.06 regarding pleading of grounds by joint plaintiffs.

[129]  *See Young v. AGB Corp. supra* at 1754; *Jewelers Vigilance Committee Inc. v. Ullenberg Corp.,* 823 F.2d 490, 2 USPQ2d 2021, 2023 (Fed. Cir. 1987); *Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982); *Estate of Biro v. Bic Corp.,* 18 USPQ2d 1382 , 1386 (TTAB 1991);  *Marmark Ltd. v. Nutrexpa S.A.,* 12 USPQ2d 1843, 1844 (TTAB 1989); and *Crocker National Bank v. Canadian Imperial Bank of Commerce,* 223 USPQ 909, 910 n.10 (TTAB 1984) (Board cannot decline to consider an issue because it is ex parte in nature). *See also* TBMP § 102.01 (Jurisdiction of Board) and cases cited therein.
   *Cf. Young v. AGB Corp. supra* at 1755 (Fed. Cir. 1998) ("economic damage" is not a ground for opposition although it is relevant to issue of opposer's standing); *Saint-Gobain Abrasives Inc. v. Unova Industrial Automation Systems Inc.,* 66 USPQ2d 1355, 1359 (TTAB 2003) (whether description of the mark is adequate is an examination issue and fails to state a proper ground for opposition); *Seculus Da Amazonia S A v. Toyota Jidosha Kabushiki Kaisha,* 66 USPQ2d 1154 (TTAB 2003) (no authority for assertion of unclean hands as a ground for opposition); *Leatherwood Scopes International Inc. v. Leatherwood,* 63 USPQ2d 1699, 1702 (TTAB 2002) (laches and acquiescence are affirmative defenses, not grounds for opposition); *Phonak Holding AG v. ReSound GmbH,* 56 USPQ2d 1057 (TTAB 2000) (opposer's failure to submit copy of the foreign registration, which was the basis for issuance of opposer's pleaded registration, was an examination error and did not constitute a ground for counterclaim); *University Book Store v. University of Wisconsin Board of Regents,* 33 USPQ2d 1385, 1401 n.39 (TTAB 1994) (equitable defenses are not grounds for opposition); *Marshall Field & Co. v. Mrs. Fields Cookies,* 11 USPQ2d 1355, 1358 (TTAB 1989) (the insufficiency of the specimens, per se, does not constitute grounds for cancellation; the proper ground for cancellation is that the term has not been used as a mark) and *Century 21 Real Estate Corp. v. Century Life of America,* 11 USPQ2d 1355, 2035 (TTAB 1989) ("it is not the adequacy of the specimens, but the underlying question of service mark usage which would constitute a proper ground for opposition").

[130]  *See* TBMP § 307.01 (Petition That May be Filed at Any Time).

[131]  *See* TBMP § 314 (Unpleaded Matters).

Chapter 300
PLEADINGS

(1)  Section 2(d) of the Act, 15 U.S.C. § 1052(d):  That defendant's mark so resembles a mark registered in the Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods or services of the defendant, to cause confusion, or to cause mistake, or to deceive.[132]

(2)  The grounds specified in Section 2(e) of the Act, 15 U.S.C. § 1052(e); for example, that defendant's mark, when used on or in connection with the goods or services of the defendant, is merely descriptive or deceptively misdescriptive of them,[133] or that defendant's mark is primarily geographically descriptive[134] or primarily geographically deceptively misdescriptive of them;[135] and that defendant's mark is primarily merely a surname.[136]

(3)  The grounds specified in Section 2(a) of the Act, 15 U.S.C. § 1052(a); for example, that defendant's mark is geographically deceptive,[137] that defendant's mark disparages members of a particular group,[138] that defendant's mark consists of or comprises

---

[132]  *See, e.g., Opryland USA Inc. v. The Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1473 (Fed. Cir. 1992) and *Time Warner Entertainment Co. v. Jones*, 65 USPQ2d 1650 (TTAB 2002).

[133]  *See* Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1). *See also, e.g., The Hoover Co. v. Royal Appliance Mfg. Co.*, 238 F.3d 1357, 57 USPQ2d 1720 (Fed. Cir. 2001) (deceptive misdescriptiveness) and *Callaway Vineyard & Winery v. Endsley Capital Group, Inc.*, 63 USPQ2d 1919 (TTAB 2002) (mere descriptiveness).

[134]  *See* Section 2(e)(2) of the Trademark Act, 15 U.S.C. § 1052(e)(2). *See also, e.g., University Book Store v. University of Wisconsin Board of Regents*, 33 USPQ 1385 (TTAB 1994).

[135]  *See* Section 2(e)(3) of the Trademark Act, 15 U.S.C. § 1052(e)(3). *See also In re California Innovations, Inc.*, 329 F.3d 1334, 66 USPQ2d 1853 (Fed. Cir. 2003); *In re Save Venice New York, Inc.*, 259 F.3d 1346, 59 USPQ2d 1778 (Fed. Cir. 2001); and *In re Wada*, 48 USPQ2d 1689 (TTAB 1998), *aff'd*, 194 F.3d 1297, 52 USPQ2d 1539 (Fed. Cir. 1999).

[136]  *See* Section 2(e)(4) of the Trademark Act, 15 U.S.C. § 1052(e)(4). *See also e.g., Michael S. Sachs Inc. v. Cordon Art B.V.*, 56 USPQ2d 1132 (TTAB 2000); *Kellogg Co. v. Pack'Em Enterprises Inc.*, 14 USPQ2d 1545 (TTAB 1990), *aff'd*, 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991); *Allied Mills, Inc. v. Kal Kan Foods, Inc.*, 203 USPQ 390, 391-92 (TTAB 1979); and *Food Specialty Co. v. Carnation Co.*, 170 USPQ 522, 523 (TTAB 1971).

[137]  *See, e.g., Consorzio del Prosciutto di Parma v. Parma Sausage Products, Inc.*, 23 USPQ2d 1894 (TTAB 1992) (mark's geographic deceptiveness must be established as of the time the registration issues). *Cf. K-Swiss Inc. v. Swiss Army Brands Inc.*, 58 USPQ2d 1540, 1543 (TTAB 2001) (can be cancelled if a registrant, through its own actions, causes its mark to become geographically deceptive subsequent to the issuance of the registration).

[138]  *See, e.g., Boswell v. Mavety Media Group Ltd.*, 52 USPQ2d 1600 (TTAB 1999) (women in general and African American women in particular); *Order Sons of Italy in America v. Memphis Mafia Inc.*, 52 USPQ2d 1364 (TTAB 1999) (members of plaintiff's Order and Italian-Americans in general); and *Harjo v. Pro-Football Inc.*, 284 F. Supp. 2d 96, 68 USPQ2d 1225 (D.D.C. 2003) (Native Americans).

Chapter 300
PLEADINGS

scandalous matter,[139] or that defendant's mark falsely suggests a connection with plaintiff's name or identity.[140]

(4) That defendant's product design is de jure functional, and if not de jure functional, that the product design has not acquired distinctiveness.[141]

(5) That there was no bona fide use of defendant's mark in commerce prior to the filing of the use-based application for its registration under Section 1(a) of the Act, 15 U.S.C. § 1051(a).[142]

(6) That defendant did not have a bona fide intent to use the mark in connection with the identified goods/services as of the filing date of the application.[143]

(7) That defendant's mark is a mere background design that does not function as a mark separate and apart from the words displayed thereon.[144]

(8) That defendant is not (and was not, at the time of the filing of its application for registration) the rightful owner of the registered mark.[145]

---

[139] *See, e.g., In re Boulevard Entertainment, Inc.,* 334 F.3d 1336, 67 USPQ2d 1475 (Fed. Cir. 2003) and *In re Mavety Media Group, Ltd.,* 33 F.3d 1367, 31 USPQ2d 1923 (Fed. Cir. 1994).

[140] *See, e.g., Internet Inc. v. Corporation for National Research Initiatives,* 38 USPQ2d 1435 (TTAB 1996) and *Buffett v. Chi Chi's, Inc.,* 226 USPQ 428 (TTAB 1985).

[141] *See* Section 2(e)(5) of the Trademark Act, 15 U.S.C. § 1052(e)(5), and, *e.g., M-5 Steel Mfg. Inc. v. O'Hagin's Inc.,* 61 USPQ2d 1086 (TTAB 2001). *See also, e.g., Valu Engineering Inc. v. Rexnord Corp.,* 278 F.3d 1268, 61 USPQ2d 1422 (Fed. Cir. 2002).

[142] *See, e.g., International Mobile Machines Corp. v. International Telephone and Telegraph Corp.,* 800 F.2d 1118, 231 USPQ 142 (Fed. Cir. 1986); *Paramount Pictures Corp. v. White,* 31 USPQ 1768 (TTAB 1994) ("use in commerce" involves the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark) *aff'd (unpub'd)* 108 F.3d 1392 (Fed. Cir. 1997); *Pennwalt Corp. v. Sentry Chemical Co.,* 219 USPQ 542, 558 (TTAB 1983); and *Bonaventure Associates v. Westin Hotel Co.,* 218 USPQ 537, 543 (TTAB 1983).

[143] *See, e.g., Lane Ltd. V. Jackson International Trading Co.,* 33 USPQ2d 1351, 1352 (TTAB 1994) and *Commodore Electonics Ltd. v. CBM Kabushiki Kaisha,* 26 USPQ2d 1503, 1504 (TTAB 1993).

[144] *See, e.g., General Foods Corp. v. Ito Yokado Co., Ltd.,* 219 USPQ 822, 825 (TTAB 1983).

[145] *See, e.g., Anheuser-Busch Inc. v. The Florists Association of Greater Cleveland Inc.,* 29 USPQ2d 1146 (TTAB 1993); *Treadwell's Drifters Inc. v. Marshak,* 18 USPQ2d 1318, 1320 (TTAB 1990); and *Kemin Industries, Inc. v. Watkins Products, Inc.,* 192 USPQ 327, 328 (TTAB 1976). *Cf., e.g., Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993) (where opposer was asserting that applicant's mark is a descriptive term which cannot be owned exclusively by anyone, rather than alleging that someone other than applicant is the owner of the term as a mark), *recon. den.,* 36 USPQ2d 1328 (TTAB 1994).

Chapter 300
PLEADINGS

(9)  That defendant's mark, consisting of a particular color combination applied to its goods, is ornamental and has not become distinctive as an indication of the source of defendant's goods.[146]

(10)  That the term for which registration is sought or for which registration has been obtained has not been used as a trademark or service mark.[147]

(11)  That defendant's mark represents multiple marks in a single application (or registration) ("phantom mark").[148]

(12)  That defendant's mark has been abandoned due to nonuse;[149] or due to a course of conduct that has caused the mark to lose significance as an indication of source.[150]

(13)  That defendant's mark consists of or comprises the name of a particular living individual without the individual's consent.[151]

(14)  That defendant's product design is generic.[152]

---

[146]  See, e.g., Goodyear Tire & Rubber Co. v. Vogue Tyre & Rubber Co., 47 USPQ2d 1748 (TTAB 1998) and Kassnar Imports v. Plastilite Corp., 180 USPQ 156, 157 (TTAB 1973), aff'd, 508 F.2d 824, 184 USPQ 348, 350 (CCPA 1975).

[147]  See, e.g., Anheuser-Busch Inc. v. The Florists Association of Greater Cleveland, Inc., supra (allegation that slogan was used as mere advertising and not as a trademark) and Marshall Field & Co. v. Mrs. Fields Cookies, 11 USPQ2d 1355 (TTAB 1989).

[148]  See, e.g., Cineplex Odeon Corp. v. Fred Wehrenberg Circuit of Theatres, 56 USPQ2d 1538 (TTAB 2000).  See also In re International Flavors & Fragrances Inc., 47 USPQ2d 1314 (TTAB 1998) aff'd 183 F.3d 1361, 51 USPQ2d 1513 (Fed. Cir. 1999).

[149]  See, e.g., Linville v. Rivard, 41 USPQ2d 1731 (TTAB 1996), aff'd,133 F.3d 1446, 45 USPQ2d 1374 (Fed. Cir. 1998); Imperial Tobacco Ltd. V. Philip Morris Inc., 899 F.2d 1575, 14 USPQ2d 1390 (Fed. Cir. 1990); and Auburn Farms, Inc. v. McKee Foods Corp., 51 USPQ2d 1439 (TTAB 1998).

[150]  See, e.g., Woodstock's Enterprises Inc. v. Woodstock's Enterprises Inc., 43 USPQ2d 1440 (TTAB 1997), aff'd (unpub'd), Appeal No. 97-1580 (Fed. Cir. Mar. 5, 1998).

[151]  See Section 2(c) of the Trademark Act, 15 U.S.C. § 1052(c).  See also Ross v. Analytical Technology, Inc., 51 USPQ2d 1269 (TTAB 1999) (plaintiff must establish that the "name," as used on the goods or services, points uniquely to plaintiff as a "particular living individual") and Ceccato v. Manifattura Lane Gaetano Marzotto & Figli S.p.A., 32 USPQ2d 1192 (TTAB 1994) (party asserting Section 2(c) ground must have cognizable or proprietary right in the name).

[152]  See Sunrise Jewelry Manufacturing Corp. v. Fred, S.A., 175 F.3d 1322, 50 USPQ2d 1532 (Fed. Cir. 1999) (the term "generic name" as used in 15 U.S.C. § 1064(3) includes trade dress such as product design or configuration).

Chapter 300
PLEADINGS

(15)  That defendant's mark would dilute the distinctive quality of plaintiff's famous mark.[153]

The following is a brief discussion of the elements of a claim of likelihood of confusion, the most frequently encountered issue in Board inter partes proceedings.

Pursuant to Section 2(d) of the Act, 15 U.S.C. § 1052(d), plaintiff must assert, and then prove at trial, that defendant's mark, as applied to its goods or services, so resembles plaintiff's previously used or registered mark or its previously used trade name as to be likely to cause confusion, mistake, or deception.

A.  Priority

A plaintiff must plead (and later prove) priority of use.  In order to properly assert priority, a plaintiff must allege facts showing proprietary rights in its pleaded mark that are prior to defendant's rights in the challenged mark.[154]  Such rights may be shown by, for example, ownership of an application with a filing date (or a registration with an

---

[153] *See* Sections 13(a) and 14 of the Trademark Act, as amended, 15 U.S.C. §§ 1063(a) and 1064, as amended, and *Toro Co. v. ToroHead Inc.*, 61 USPQ2d 1164 (TTAB 2001). *See also Moseley v. Secret Catalogue Inc.*, 537 US 418, 65 USPQ2d 1801 (2003) and, *for example, Enterprise Rent-A-Car Co. v. Advantage Rent-A-Car, Inc.*, 62 USPQ2d 1857 (TTAB 2002), *aff'd*, 300 F.3d 1333, 66 USPQ2d 1811 (Fed. Cir. 2003).

[154] *See Herbko International Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 64 USPQ2d 1375, 1378 (Fed. Cir. 2002); *Jewelers Vigilance Committee Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987), *on remand*, 5 USPQ2d 1622 (TTAB 1987), *rev'd*, 853 F.2d 888, 7 USPQ2d 1628, 1632 (Fed. Cir. 1988); *Otto Roth & Co., Inc. v. Universal Corp.*, 640 F.2d 1317, 209 USPQ 40, 43 (CCPA 1981); *Golomb v. Wadsworth*, 592 F.2d 1184, 201 USPQ 200, 201 (CCPA 1979); *Internet Inc. v. Corporation for National Research Initiatives*, 38 USPQ2d 1435 (TTAB 1996); *Holmes Products Corp. v. Duracraft Corp.*, 30 USPQ2d 1549 (TTAB 1994); *Jimlar Corporation v. The Army and Air Force Exchange Service*, 24 USPQ2d 1216 (TTAB 1992); and *Rolex Watch U.S.A., Inc. v. Madison Watch Co., Inc.*, 211 USPQ 352 (TTAB 1981) (proprietary right is a right residing in owner of mark and those in privity).

*Intellectual Property Library*

# Trademark Registration Practice

## Volume 1

### Second Edition

by James E. Hawes
Amanda V. Dwight



THOMSON

WEST

© 2007 Thomson/West, Rel. #21, 9/2007
Mat #40497649

to persuade the examiner that the mark has acquired
distinctiveness pursuant to § 2(f) of the Act. That section
provides in part:

> The Commissioner may accept as prima facie evidence that
> the mark has become distinctive, as used on or in connection
> with the applicant's goods in commerce, proof of substantially
> exclusive and continuous use thereof as a mark by the ap-
> plicant in commerce for the five years before the date on which
> the claim of distinctiveness is made.

There are three basic ways to establish the distinctiveness
of a mark under § 2(f):[2]

1. a claim of ownership of one or more prior registrations
   of the same mark for goods or services which are the
   same as, or closely related to, those set forth in the ap-
   plication;
2. a verified statement that the mark has become distinc-
   tive through the five years' use cited in § 2(f); or
3. by presenting evidence adequate to establish acquired
   distinctiveness under § 2(f).

Much of the following discussion relates to option (3). But an
applicant may seek to establish distinctiveness of a mark by
any one or more of these routes.

A mark may be distinctive, and therefore both protectable

---

[2]TMEP § 1212.

Thus, the possible grounds for an opposition or cancellation are:

1. The mark includes immoral, deceptive or scandalous matter;[6]

2. The mark includes a governmental insignia;[7]

3. The mark identifies a living individual without his written consent;[8]

4. The mark is likely to be confused with a registered mark, or a mark previously used by another and not abandoned,[9] or with a mark which is the subject of an earlier filed and still pending intent to use application;

5. The mark is merely descriptive, or deceptively misdescriptive, or primarily geographically descriptive or deceptively misde scriptive, or primarily merely a surname;[10]

6. A mark identified in the preceding ground 5 is not distinctive of the applicant's goods or services in commerce;[11]

7. A federally registered mark has become a common descriptive name of an article or substance;[12]

8. The mark is, or has become, functional.[12.1]

9. The registered mark has been abandoned;[13]

10. Registration of the mark was obtained fraudulently;[14]

11. The registered mark is being used by or with the permission of the registrant so as to misrepresent

---

[6]Section 2(a) of the Act.

[7]Section 2(b) of the Act.

[8]Section 2(c) of the Act.

[9]Section 2(d) of the Act.

[10]Section 2(e) of the Act.

[11]Section 2(f) of the Act.

[12]Section 14(c) of the Act.

[12.1]Indeed, even marks which have become incontestable under 15 U.S.C. 1065, may be cancelled if the mark is or becomes, functional. Eco Mfg. LLC. v. Honeywell Intern., Inc., 357 F.3d 649, 69 U.S.P.Q.2d (BNA) 1296 (7th Cir. 2003)

[13]Section 14(c) of the Act.

[14]Section 14(c) of the Act.

the source of the goods or services in connection with which the mark is used;[15]

12. A collective mark or certification mark registration was obtained contrary to the provisions of § 4 of the Act;[16]

13. An agreement between the parties, or a prior judicial decision, precludes the applicant (or registrant) from using the mark.[17] (This ground will not be further discussed in this chapter.)

14. The mark, when used, would cause dilution under § 43(c) of the Act.[18]

If the registration is five or more years old, then grounds 4, 5, and 6 of the foregoing list do not apply. This five-year period is not dependent upon the filing of a declaration under Section 15 concerning incontestable rights of use.[19] Oppositions to Section 66(a) applications must list all grounds in support of the opposition. Once filed, oppositions to Section 66(a) applications cannot be amended to change or add to the grounds for opposition or to add to the goods or services opposed.[19.1]

While the statute presently is interpreted broadly and permits many to challenge federal registrations of marks, it is still necessary that the pleader allege sufficient facts to, if proven, make out a prima facie case. The facts which must be alleged to achieve this result are different for each of the

---

[15]Section 14(c) of the Act.

[16]Section 14(c) of the Act.

[17]Kimberly-Clarke Corp. v. Fort Howard Paper Co., 772 F.2d 860, 227 USPQ 36 (Fed. Cir. 1985); Vaughn Russell Candy Co. v. Cookies In Bloom Inc., 47 USPQ2d 1635 (TTAB 1998).

[18]Sections 2, 13, 14, and 24 of the Act. See also Toro Co. v. ToroHead Inc., 61 U.S.P.Q.2d (BNA) 1164, 2001 WL 1734485 (Trademark Trial & App. Bd. 2001); Enterprise Rent-A-Car Co. v. Advantage Rent-A-Car Inc., 62 U.S.P.Q.2d (BNA) 1857, 2002 WL 1290196 (Trademark Trial & App. Bd. 2002), judgment aff'd, 330 F.3d 1333, 66 U.S.P.Q.2d (BNA) 1811 (Fed. Cir. 2003), cert. denied, 124 S. Ct. 958 (U.S. 2003).

[19]Imperial Tobacco Ltd. v. Phillip Morris Inc., 899 F.2d 1575, 14 USPQ2d 1390 (Fed. Cir. 1990); Strang Corp. v. Stouffer Corp., 16 USPQ2d 1309 (TTAB 1990). This limitation is further discussed in TBMP § 308.02(c).

[19.1]37 C.F.R. 2.107(b)