McAFEE & TAFT A Professional Corporation
  Clifford C. Dougherty, III (OBA #11290) (*admitted pro hac vice*)
  Robert W. Dace (OBA # 10263) (*admitted pro hac vice*)
  Jennifer B. Rader (OBA # 19198) (*admitted pro hac vice*)
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
Email:  bob.dace@mcafeetaft.com

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
  Lori A. Lutzker, Esq. (Bar No. 124589)
216 Park Road
P.O. Box 513
Burlingame, California  94011-0513
Telephone:     (650) 342-9600
Facsimile:     (650) 342-7685
Email:  llutzker@carr-mcclellan.com

Attorneys for Defendant
WINDSOR QUALITY FOOD COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEREY GOURMET FOODS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WINDSOR QUALITY FOOD COMPANY LTD., a Texas Limited Partnership; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01316 (JCS)<br><br>Case assigned for all purposes to Hon. Joseph C. Spero<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO STRIKE COUNTERCLAIM AS A STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION**<br><br>Date:  June 6, 2008<br>Time:  9:30a.m.<br>Courtroom: A, 15th Floor (Hon. Joseph C. Spero) |

**DEFENDANT'S OPPOSITION TO MOTION TO STRIKE COUNTERCLAIM**

The defendant, Windsor Quality Food Company, LTD ("Windsor"), filed a counterclaim alleging that plaintiff, Monterey Gourmet Food, Inc. ("MGF"), violated the Lanham Act, 15 U.S.C. §§ 1051 et seq. Windsor seeks relief pursuant to 15 U.S.C. § 1120 because MGF procured a trademark registration in the United States Patent and Trademark Office by a false or fraudulent declaration or representation or by other false means.

MGF has filed a motion to dismiss the counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Windsor has failed to plead the circumstances constituting fraud with the necessary particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Windsor has responded to that motion in a separate document.

As appears to be its normal practice, MGF has also filed a special motion to strike this federal question counterclaim pursuant to California Code of Civil Procedure § 425.16., even though the controlling legal authority clearly provides that federal question claims are not subject to section 425.16. As will be set forth below, the Court should deny MGF's special motion to strike and grant attorneys fees to Windsor pursuant to California Code of Civil Procedure § 425.16(g) because MGF's motion to strike is frivolous.

**FACTS**

**A.     THE COMPLAINT**

Windsor uses the descriptive terms "Chicken Monterey Pasta" in a non-trademark sense on packaging that clearly and prominently displays its well-known and federally registered "JOSE OLE" trademark. (A copy of the packaging is attached hereto as Exhibit 1). As can also be seen in Exhibit 1, the main ingredients of the product that uses these descriptive terms are "chicken," "Monterey jack cheese" and "rotini pasta." Windsor is using the terms chicken, Monterey, and pasta in a non-trademark sense and it has the absolute right to make this "fair use" of these descriptive terms to describe its product. *See* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §11:45 (4th ed. 2008).

3352874_1.DOC

2

Even though Windsor is making a fair use of descriptive terms to describe its products, MGF filed this trademark infringement lawsuit in which it claims that it owns rights to the alleged mark "MONTEREY PASTA COMPANY" and that Windsor is infringing that mark. MGF seeks injunctive relief as well as damages for Windsor's use of the terms "Monterey" and "pasta" on packaging that contains both ingredients. MGF has alleged claims for trademark infringement under the Lanham Act, Unfair Competition under the Lanham Act, unfair competition under the California Business and Professions Code, false description-palming off under the Lanham Act, and common law injury to business reputation. Windsor has filed an answer denying these claims and asserting various affirmative defenses as well as the counterclaim at issue.

**B. THE COUNTERCLAIM**

Plaintiff "Monterey Gourmet Foods was launched as the Monterey Pasta Company, a 400 square foot storefront on Lighthouse Avenue in Monterey, California in 1989. The Company produced small quantities of gourmet pastas and sauces using food processors and hand operated pasta makers. It sold its hand-made products to local grocery stores and restaurants on the Monterey Peninsula." (MGF's webpage at Exhibit 1 to Declaration of Scott S. Wheeler in support of motion to strike.) In the complaint, MGF claims that it is the owner of the alleged trademark evidenced by United States Registration No. 1,953,489 for "Monterey Pasta Company". The terms "Monterey Pasta Company" are geographically descriptive and merely descriptive of MGF's goods. "If a geographic term is used merely to indicate the location or origin of goods and services, it is purely descriptive. Therefore it cannot, without more, serve the trademark function of identifying one person's goods and distinguishing them from goods made or sold by others in the same locality." *See* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §14:1 (4th ed. 2008).

Windsor alleges in the federal question counterclaim that MGF violated the Lanham Act,

15 U.S.C. §§ 1051 et seq.  Windsor seeks relief pursuant to 15 U.S.C. § 1120 because MGF procured a trademark registration in the United States Patent and Trademark Office by a false or fraudulent declaration or representation or by other false means.  Windsor alleges in its counterclaim that the USPTO was not made aware by Applicant of the geographically descriptive nature of the term "Monterey" during the prosecution of the application.  Windsor alleges that that the withholding of the geographically descriptive and merely descriptive nature of the terms "Monterey Pasta Company" from the USPTO constitutes fraud on the USPTO because the USPTO would not have granted a trademark registration for the terms "Monterey Pasta Company" without proof of secondary meaning.  Windsor alleges that MGF knew or should have known of the fraud perpetrated on the USPTO.  Windsor asks that the Court cancel United States Registration No. 1,953,489 because of the fraud perpetrated on the USPTO during the prosecution of the application.  Windsor alleges that it has suffered, and continues to suffer, irreparable harm as a result of the fraud perpetrated on the USPTO in the prosecution of the application and registration of United States Registration No. 1,953,489.

## ARGUMENT

### A. FEDERAL QUESTION CLAIMS ARE NOT SUBJECT TO CALIFORNIA'S ANTI-SLAPP STATUTE

In its counterclaim Windsor alleges that MGF violated the Lanham Act, 15 U.S.C. §§ 1051 et seq.  Windsor seeks relief pursuant to 15 U.S.C. § 1120 because MGF procured a trademark registration in the United States Patent and Trademark Office by a false or fraudulent declaration or representation or by other false means.  Windsor has not alleged any state law claims.

California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute provides a mechanism for a defendant to strike civil actions brought primarily to chill the exercise of free speech. Cal. Code Civ. Proc. § 425.16(b)(1).  "Although Section 425.16 'applies to state

law claims brought in federal court, it does not apply to federal question claims in federal court because such application would frustrate substantive federal rights.'" *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC,* No. C 07-00554 JSW, Slip Copy, 2007 WL 2122638, at 3 (N.D. Cal. July 23, 2007), citing *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.,* 488 F.Supp.2d 1172, 1180 (C.D. Cal. 2006); see also *In re Bah*, 321 B.R.41, 46 (9th Cir.BAP2005); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F.Supp.2d 1127, 1130 (N.D. Cal. 1999).

MGF argues at page 12 of its Memorandum of Points and Authorities in Support of its Motion to Strike that the anti-SLAPP statute applies to federal cases and cites *United States ex rel Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972-73 (9th Cir. 1999), in support of this argument. However, *Lockheed* is inapposite because its holding was limited to the finding that the anti-SLAPP statue applies to state law claims brought in federal courts. Id.

The counterclaim is strictly a federal question claim. This federal law claim is not subject to the California anti-SLAPP statute. The Court should deny MGF's Motion to Strike the counterclaim.

**B. THE COURT SHOULD AWARD WINDSOR ITS ATTORNEYS FEES BECAUSE THE MOTION TO STRIKE IS FRIVILOUS**

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC,* No. C 07-00554 JSW, Slip Copy, 2007 WL 2122638, at 3 (N.D. Cal. July 23, 2007), is a case that was filed by Sonoma Foods, Inc., a subsidiary of MGF that is represented by the same attorneys who represent MGF in the instant case. Sonoma Foods and its attorneys filed an almost identical anti-SLAPP motion in that case. They asked that Court to strike defendants' counterclaims that were based on state law, and also the ones that were based on federal questions, including a claim for false or fraudulent registration of trademarks.

In an order by the Honorable Jeffrey S. White, the Court granted the motion to strike as to some of the state law claims but denied the motion as to the federal question claims and stated

that Section 425.16 does not apply to federal question claims in federal court and "[a]ccordingly, the Court will not apply Sonoma Foods' special motion to strike to Counter-claimants' claims for false or fraudulent registration of trademarks…." *Id.*

In a subsequent order relating to attorneys fees at *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC,* No. C 07-00554 JSW, Slip Copy, 2007 WL 2729422, (N.D. Cal. Sept. 18, 2007), the Court again reminded the subsidiary of the plaintiff as well as the attorney of record in the instant case that "the Counterclaimants' federal claims were not subject to Section 425.16." *Id.* at 2. MGF and its attorneys clearly know that California's anti-Slapp statute does not apply to federal question claims like the counterclaim in the instant case. It has not cited any new cases[1] to bolster the arguments it made in *Sonoma Foods* that were rejected by the Court.

Cal. Code Civ. Proc. §425.16.(c) provides: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." In *Carpenter v. Jack in the Box Corp.,* 151 Cal. App.4th 454, 59 Cal. Rptr. 3d 839 (2007), the trial court granted attorney's fees to a plaintiff who successfully opposed an anti-SLAPP motion and the court of appeals affirmed. In *Carpenter*, the court of appeals rejected the defendant's argument that their motion was not frivolous because the issue was one of first impression. The court of appeals ruled that the motion to strike was frivolous because the law that controlled that case "was well established". 151 Cal. App.4th at 471, 59 Cal. Rptr. 3rd at 553. Because MGF and its attorneys filed the motion to strike in this case knowing that the law is well established that federal claims are not subject to Section 425.16, the Court should grant a reasonable attorneys fee to Windsor for defending this frivolous motion to strike.

### CONCLUSION

Windsor respectfully requests that the Court deny MGF's special motion to strike the

---

[1] For example, in its Memorandum of Points and Authorities in Support of its Motion to Dismiss, MGF states at page 7-8 that "*eCash Technologies, Inc. v. Guagliardo*, 127 F.Supp.2d 1069 (C.D. Cal. 2000) is closely on point, a case also involving a counterclaim to cancel a trademark based on alleged fraud, and motions to dismiss and strike (anti-SLAPP)." However the *eCash* plaintiffs filed a motion to strike only the state law counterclaims, not the federal question counterclaims (which is the only counterclaim involved in the instant case). *Id.* at 1073.

3352874_1.DOC

counterclaim and grant Windsor a reasonable attorneys fees for defending this frivolous motion.

Dated:  May 16, 2008                McAfee & Taft A Professional Corporation

By:  _____/S/_____
    Robert W. Dace
    Jennifer B. Rader

Attorneys for Defendant
WINDSOR QUALITY FOOD COMPANY, LTD.

3352874_1.DOC

7

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE  COUNTERCLAIM-C08-01316 (JCS)


